[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10652
Non-Argument Calendar
_____

D.C. Docket No. 1:98-cr-00024-SLB-MHH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAFOREST CARMICHAEL,
a.k.a. LaForrest Carmichael

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 26, 2019)

Before MARCUS, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Laforest Carmichael appeals his 36-month sentence, which the district court

imposed upon mandatory revocation of his supervised release.  He argues that his

statutory maximum sentence was substantively unreasonable because the district

court failed to properly weigh the 18 U.S.C. § 3553(a) factors and imposed a sentence that was greater than necessary to serve the sentencing purposes set forth in § 3553(a).  After careful review, we affirm.

We generally review a sentence imposed upon revocation of supervised release for reasonableness.  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  When we review a sentence for "reasonableness," we "merely ask[] whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).[1]

The district court must revoke a term of supervised release if the defendant possessed a controlled substance or a firearm in violation of the conditions of supervised release.  18 U.S.C. § 3583(g).  Section 3583(g) does not mention consideration of the § 3553(a) factors with respect to mandatory revocations.  See id.  Thus, we've said that "when revocation of supervised release is mandatory under

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

18 U.S.C. § 3583(g), the statute does not <u>require</u> consideration of the § 3553(a) factors." <u>United States v. Brown</u>, 224 F.3d 1237, 1241 (11th Cir. 2000) (emphasis in original), <u>abrogated in part on other grounds by</u> <u>Tapia v. United States</u>, 564 U.S. 319 (2011). Indeed, when a defendant is sentenced to a mandatory term of imprisonment pursuant to § 3583(g), the only limitation is that the term of imprisonment must not "exceed the maximum term of imprisonment authorized under [§ 3583](e)(3)," which is three years' imprisonment when the original underlying offense was a Class B felony. 18 U.S.C. § 3583(e)(3), (g).

The traditional substantive reasonableness review, on the other hand, "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." <u>United States v. Gonzalez</u>, 550 F.3d 1319, 1324 (11th Cir. 2008). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." <u>United States v. Snipes</u>, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect it to be reasonable. <u>United States v. Hunt</u>, 526 F.3d 739, 746 (11th Cir. 2008).

3

Here, Carmichael has not shown that his 36-month sentence, imposed upon mandatory revocation, is substantively unreasonable based on the district court's consideration of the § 3553(a) factors. For starters, because revocation of Carmichael's supervised release was mandatory under 18 U.S.C. § 3583(g), it is clear under our case law that the district court was not required to consider the § 3553(a) factors. See Brown, 224 F.3d at 1241. Brown remains good law; as we've held, the Supreme Court's decision in Tapia only abrogated Brown's proposition that the district court may consider rehabilitation. United States v. Vandergrift, 754 F.3d 1303, 1309 (11th Cir. 2014) (recognizing that Tapia abrogates Brown's holding that "a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release"); see United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating that a prior panel's holding is binding unless and until it is overruled or abrogated by the Supreme Court or by this Court sitting en banc). Thus, the district court was not required to consider the § 3553(a) factors at all, so Carmichael's claim that the district court improperly weighed those factors is irrelevant.

But even though the district court was not required to weigh the § 3553(a) factors, it did so anyway and Carmichael has not shown that it weighed them improperly. As the record reveals, the district court expressly said that it had considered the § 3553(a) factors; these include Carmichael's lengthy criminal

4

history of similar offenses, the seriousness of his violation, the need to deter him, and the need to protect the public from him committing more drug-related crimes or possessing a firearm.  See 18 U.S.C. § 3553(a).  The district court also considered the sentencing guidelines, and all of Carmichael's arguments in mitigation, including that he had taken substantial steps at rehabilitation and that he had overserved his original sentence.  Nevertheless, the court determined that the appropriate sentence was the statutory maximum, and Carmichael has not shown how this sentence was unreasonable in light of all the circumstances presented.  As we've said, we ordinarily expect a sentence below the statutory maximum and within the guideline range to be reasonable.  Hunt, 526 F.3d at 746; see 18 U.S.C. § 3583(g).  Therefore, even under a traditional substantive reasonableness analysis, the district court did not abuse its discretion in imposing the 36-month sentence, and we affirm.

**AFFIRMED**.